## STEINER & KOSTYN, LLP

ATTORNEYS AT LAW

Kevin F. Kostyn*
Scott J. Steiner

*Member of NY and NJ Bars

2 William Street Suite 302
White Plains, N.Y. 10601
Telephone (914) 437-8422
Fax (914) 328-8648

<u>VIA ECF</u>

March 15, 2012

Hon. Viktor V. Pohorelsky, U.S.M. J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

**MOTION FOR STAY OF DISCOVERY**

United Central Bank v. Team Gowanus, et. al
<u>Case No. 10-CV-3850 (ERK)(VVP)</u>

Dear Magistrate Pohorelsky:

      Plaintiff United Central Bank, successor by acquisition to Mutual Bank of Harvey, Ill, ("Mutual Bank"), respectfully submits this Letter Brief in support of its motion for a protective order staying discovery pursuant to Fed. R. Civ. P. 26(c) pending the Court's ruling on United Central Bank's motion for summary judgment motion, to be filed next week. United Central Bank's dispositive motion will seek a judgment of foreclosure and dismissal of the counterclaims and affirmative defenses of defendants Team Gowanus, LLC ("Team Gowanus") and Square One Holding Corp. ("Square One").

      Staying discovery at this juncture is particularly appropriate. The Court has not entered an order scheduling depositions, and the parties agreed that depositions would not commence until the close of document discovery. Further, the parties are now embroiled in a dispute over Team Gowanus' compliance with Your Honor's Order filed December 23, 2011, which required Team Gowanus to produce documents referring or relating to the financial condition of its principals and guarantors Peter Moore, Peter Kovacs and John Sutter.

      As Your Honor determined, such documents are relevant to Team Gowanus' counterclaim which is based on the premise that, had United Central Bank agreed to restructure Team Gowanus' defaulted loan in 2009, their real estate development project located near the Gowanus Canal in Brooklyn, NY would have earned a profit of $23,000,000, notwithstanding the downturn in commercial property values and the Gowanus Canal's designation by the E.P.A. as a Superfund Site in 2010.

Letter to Magistrate Pohorelsky
March 15, 2012

As will be discussed during the telephonic conference with Your Honor scheduled for March 16, 2012 at 2:45, Team Gowanus' compliance with this Court's Order is highly suspect, particularly with respect to (1) emails relating to the overall financial condition of defendants Peter Moore, Peter Kovacs and John Sutter during the relevant time period; (2) documents relating to Team Gowanus' efforts to attract additional investors or financing; and (3) documents relating to several foreclosure actions filed against defendant Peter Moore and his related companies.

Although United Central Bank stands ready to press for Team Gowanus' full compliance with the orders of this Court, including but not limited to filing a motion for sanctions, the far better resolution, as set forth herein, is to defer further discovery pending resolution of United Central Bank's dispositive motion. The parties have already exchanged thousands of documents, which provide a comprehensive chronology of the material facts. If Defendants believe they require depositions to oppose United Central Bank's dispositive motion, they should be compelled to justify that position in their opposition to summary judgment.

**Argument**

**A. The Standards for Granting A Stay of Discovery**

Although the pendency of a summary judgment motion does not automatically trigger a stay of discovery, Federal District Courts have broad discretion to impose a stay pending determination of dispositive motions upon a showing of "good cause." Fantastic Graphics Inc. v. Lynn Hutchinson, 2010 U.S. Dist. LEXIS 10609 (E.D.N.Y. Feb. 8, 2010); O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1970) (where determination of preliminary question may dispose of entire suit, applications for discovery may properly be deferred until determination of such questions); Joseph E. Brooks v. Macy's Inc., 10 Civ. 5304, 2010 U.S. Dist. LEXIS 135415 (S.D.N.Y. Dec. 21, 2010) (staying depositions until resolution of dispositive motion).

Whether discovery should be stayed pending the outcome of a dispositive motion depends on the facts of each case. Hachette Dist. Inc., v. Hudson Cnty. News Co., 136 F.R.D. 356 (E.D.N.Y. 1991). As explained in Niv v. Hilton Hotels Corp., 06 Civ. 7839, 2007 U.S. Dist. LEXIS 12776, 2007 WL 510113 at *1 (S.D.N.Y. Feb. 15, 2007):

> Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order. See Spencer Trask Software & Information Services, LLC v. RPost Intern. Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ.2120, 1996 WL 101277, at *2, 1996 U.S. Dist. LEXIS 2684, at *6 (S.D.N.Y. March 7, 1996) (collecting cases).

2

Letter to Magistrate Pohorelsky
March 15, 2012

> However, while discovery may in a proper case be limited or stayed pending the outcome of a motion to dismiss, the issuance of a protective order is by no means automatic. See Spencer Trask, 206 F.R.D. at 368 (citing cases). Two related factors a court may consider in deciding a motion for a restriction or stay of discovery are the breadth of discovery sought and the burden of responding to it. See Anti-Monopoly, Inc., 1996 WL 101277, at *3, 1996 U.S. Dist. LEXIS 2684, at *6 -7. Finally, a court should also consider the strength of the dispositive motion that is the basis of the application. See, e.g., Gandler v. Nararov, No. 94 Civ. 2272, 1994 WL 702004, at *4, 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 14, 1994) (stay of discovery where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

**B.  Summary of Facts and Legal Arguments**

Applying the above factors, good cause is present and counsels for a brief stay of discovery. Because one of factors to consider is the strength of the dispositive motion filed, United Central Bank sets forth the following abbreviated statement of facts, and incorporates herein United Central Bank's legal arguments and Rule 56 Statement of Uncontested Material Facts from its imminent motion for summary judgment.  The undisputed facts stated herein are based entirely on documents exchanged pursuant to the parties' respective document requests.

Mutual Bank was declared insolvent and closed by regulators the week of July 31, 2009. On the same day, the FDIC and United Central Bank entered into a Purchase and Assumption Agreement pursuant to which United Central Bank purchased approximately $1.3 billion of Mutual Bank's assets, including the Team Gowanus note for $9 million (the "Note").

The Team Gowanus Note was facially unqualified, and as of July 31, 2009 the corresponding loan was listed as non-performing, with a past due maturity date of May 1, 2009. Team Gowanus does not dispute that it has not repaid any part of the principal or interest due on the loan after receiving notice of default from United Central Bank. This commercial foreclosure action seeks possession of the Property securing the Note in order to recoup some small fraction of what Team Gowanus owes, which is currently in excess of $10 million.

Team Gowanus' defenses and counterclaims are essentially based on two documents, namely, (1) a non-binding Term Sheet it executed with Mutual Bank three months before the bank's collapse, setting forth proposed terms of a complex loan restructuring; and (2) an Amendment to Loan Documents that United Central Bank refused to execute, (the "Amendment") which would have accomplished no more than commit United Central Bank to the non-binding Term Sheet previously executed by Mutual Bank, and briefly extend the Team Gowanus loan for approximately three months. A true copy of the Amendment, Term Sheet and transmittal letter dated August 24, 2009, are attached hereto collectively as **Exhibit A**.

3

Letter to Magistrate Pohorelsky
March 15, 2012

The restructuring proposed in the Term Sheet involved, <u>inter alia</u>, liquidating Team Gowanus, forming seven new companies, breaking up the $9 million note into seven separate obligations secured by seven subdivided parcels of the Property, extending each loan for five years at a reduced rate of interest, and eliminating all cross-default exposure as between the seven separate mortgages and mortgage notes.

The proposed restructuring was subject to the receipt of financial statements and other underwriting requirements and the Term Sheet expressly stated "… **the terms herein are non-binding and are intended solely as a summary of terms currently proposed by the parties."** (emphasis added) The Term Sheet further provided that, except for a provision relating to one of the guarantors, "**all the other terms in this term sheet shall be non-binding to either party unless and until substantive agreements between the parties are executed and exchanged.**" (emphasis added).

Team Gowanus' arguments are twofold. Initially it argues United Central Bank, as a successor by acquisition to Mutual Bank, was legally obligated to approve the restructuring set forth in the non-binding Term Sheet. Apart from the facial absurdity of the argument, <u>D'Oench, Duhme & Co. v. FDIC</u>, 315 U.S. 447 (1942) and 12 U.S.C § 1823 (e) expressly bar Team Gowanus and Square One from asserting defenses and counterclaims (whether contract, tort or in equity) against the FDIC and its successors based on the Term Sheet negotiated with Mutual Bank. Under the rigorous and categorical requirements of 12 U.S.C § 1823(e), the non-binding Term Sheet did not constitute an enforceable "writing," was not formally approved by Mutual Bank's board of directors or its loan committee as reflected in its official minutes, and was not executed concurrently with the acquisition of an asset.

Team Gowanus' second argument rests on equally shaky grounds. Recognizing that United Central Bank was not bound by the Term Sheet executed by Mutual Bank, Team Gowanus anxiously attempted -- in the immediate aftermath of Mutual Bank's failure -- to get United Central Bank to execute an Amendment to Loan Documents in the hope of binding the bank to the ill-advised restructuring.

However, as previously indicated, the Amendment, had it been executed, would have at best committed the bank to a non-binding Term Sheet. Moreover, United Central Bank refused to execute the Amendment after its credit analyst determined the loan was already under-collateralized and the restructuring would further jeopardize UCB's collateral position. As a result, the proposed restructuring was never written up and submitted for approval to United Central Bank's Board of Directors, which was vested with exclusive authority to approve a transaction of that nature.

The slender reed upon which Defendants ultimately rest their case is that Wayne F. Osoba, a partner at the Chicago firm of Foley and Lardner LLC, who represented Mutual Bank in connection with the proposed restructuring, continued to work on the proposed Amendment after United Central Bank acquired the assets of Mutual Bank. At the direction of a United Central Bank loan officer, who was also in transition from Mutual Bank and based in a remote branch office of the bank, and who had not received the necessary approvals from United Central Bank's Board of Directors in Texas, Osoba sent out a purported execution copy of the

Letter to Magistrate Pohorelsky
March 15, 2012

Amendment to Team Gowanus' counsel. Concurrently, the United Central Bank loan officer continued to make inquiries to determine if further approvals were necessary to execute the Amendment under United Central Bank's newly instituted loan approval and underwriting policies.

Although Team Gowanus signed the Amendment, United Central Bank did not. The Loan Documents executed by Team Gowanus contain numerous express prohibitions against enforcement of any amendments to the Loan Documents unless in a writing **signed by the bank.** Settled under New York law is that "if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." Scheck v. Francis, 26 N.Y. 2d 466, 469 – 70 (1970). see Reprosystem, B.V. v. SCM Corp., 727 F.2d 257 (2d Cir. 1984), cert denied 469 U.S. 828 (1984).

Moreover, Team Gowanus and its attorneys repeatedly expressed their intention not to be bound until agreements with the bank were fully executed and exchanged. Finally, United Central Bank's outside counsel had neither actual nor apparent authority to bind United Central Bank. Accordingly, United Central Bank will demonstrate based on undisputed facts and settled law, that Defendants' opposition to this foreclosure is meritless.

**C. Good Cause is Shown For a Stay of Discovery**

Consideration of the various factors outlined, supra, demonstrates good cause for a stay of discovery pending this Court's decision on United Central Bank's motion for summary judgment.

First, United Central Bank's motion for summary judgment will be dispositive of all affirmative defenses and counterclaims asserted by Team Gowanus and Square One, and will result in a judgment of foreclosure on the Property. The stay sought would be for a short duration and would not unnecessarily delay the action, particularly since the parties continue to be embroiled in discovery disputes and the timetable for taking depositions has not been established.

Second, Team Gowanus would suffer no prejudice if a stay is granted, since it remains in possession of the subject Property. Indeed, a stay would simply save Team Gowanus and Square One the time and expense of conducting depositions of non-party witnesses located in Chicago, Ill, and former employees of Mutual Bank most of whom, upon information and belief, reside outside this Court's jurisdiction.

Moreover, a stay of discovery would avoid the significant expense and burden of resolving Team Gowanus' refusal to produce emails and other documents relating to the principal investors' deteriorating financial condition during the relevant time period. See Picture Patents, LLC v. Terra Holdings, LLC, 07 Civ. 5465, 2008 U.S. Dist. LEXIS 98030, (S.D.N.Y. Dec. 3, 2008) (existence of discovery disputes counsels for stay where, if defendants' motion proves meritorious, "the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees.").

5

Letter to Magistrate Pohorelsky
March 15, 2012

  For example, Team Gowanus has admittedly failed to produce thousands of documents relating to other foreclosure actions against Peter Moore and his related companies. Team Gowanus' counsel claims that in just one of the foreclosure cases pending against his client, the document production "approached 5,000 documents." Given that numerous foreclosure actions have been filed against Peter Moore and his related companies, it will take an enormous amount of time and expense to produce and review the responsive documents.

  Similarly, it appears the only email files searched by Team Gowanus in response to the Court's Order were the emails of Greg Bomar, Team Gowanus' project manager. However, the Court's Order required Defendants to search the personal emails of Moore, Kovacs and Sutter for documents relating to their financial condition during the relevant time period, regardless of whether such documents related specifically to the Team Gowanus project. As United Central Bank argued in support of its motion to compel, those documents will demonstrate that Defendants did not have the financial capacity to attract new financing or investors to complete the redevelopment project, never mind realize $23 million in lost profits.

  United Central Bank would also suffer prejudice in the event discovery is not stayed because the diversion of employees and attorney time necessary to engage in document reviews and depositions would be a wholly unnecessary expenditure in the event United Central Bank's dispositive motion is granted. See United States v. County of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (granting stay of discovery in interest of fairness, economy and efficiency where motion, if successful, would be dispositive of entire action). In order to combat Team Gowanus' speculative claim for lost profits and its affirmative defenses, it will be necessary to depose each of the three Guarantors, the Team Gowanus project manager, at least one minority investor, and the Square One and Team Gowanus attorneys involved in the parties' negotiations. United Central Bank should not be put to that expense when this case can be decided on the documents as a matter of law. In this regard, the unnecessary imposition to non-party witnesses, including attorneys and former employees of Mutual Bank is also a highly relevant factor.

  Third, and most important, United Central Bank has compelling arguments why Defendants' affirmative defenses and counterclaims should be dismissed based on undisputed facts and settled law. See Spencer Trask Software & Info. Srvs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367 (S.D.N.Y. April 8, 2002) (stay granted pending determination of dispositive motion where moving party has "substantial arguments" for dismissal of many, if not all, of claims asserted in lawsuit); Picture Patents, LLC v. Terra Holdings LLC, 07 Civ. 5465, U.S. Dist. LEXIS 98030 (Dec. 2, 2008 S.D.N.Y.) (stay of discovery granted where defendants' arguments for dismissal appear to be substantial).

Letter to Magistrate Pohorelsky
March 15, 2012

      For the foregoing reasons, it is respectfully requested that United Central Bank's motion for a protective order staying discovery be granted.

                                      Respectfully,

                                      /s/

                                    Kevin F. Kostyn

cc: Jeffrey C. Ruderman, Esq. (via email and ECF)
    Roger A. Raimond, Esq. (via email and ECF)