Roger A. Raimond, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
Attorney for Defendant
Square One Holding Corp.
875 Third Avenue, 9th Fl.
New York, New York 10022-0123
(212) 603-6300
rar@robinsonbrog.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED CENTRAL BANK, successor by acquisition to Mutual Bank<br><br>              Plaintiff,<br><br>  - against -<br><br>TEAM GOWANUS, LLC, SQUARE ONE HOLDING CORP., PETER MOORE, PETER KOVACS, JOHN SUTTER, BEN HANSEN ARCHITECT LLC, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK and "JOHN DOE: #1-10, "MARY DOE" #1-10, and "JANE DOE" #1-10, the names of the last 30 defendants being fictitious, said defendants' true names being unknown to plaintiff, it being thereby intended to designate holders of judgments and/or liens and/or other interest which affect the mortgaged premises described in the complaint, and other persons or entitles who may be in possession of portions of the mortgaged premises described in the complaint,<br><br>              Defendants. | Civil Action No.:<br>CV 10-3850 (ERK) (VVP)<br><br>ECF CASE |

**SQUARE ONE HOLDING CORP.'S MEMORANDUM OF LAW
IN OPPOSITION TO UNITED CENTRAL BANK'S MOTION
FOR SUMMARY JUDGMENT OF FORECLOSURE
AND IN FURTHER OPPOSITION
<u>TO DISMISSAL OF SQUARE ONE'S ANSWER AND COUNTERCLAIMS</u>**

Defendant Square One Holding Corp. ("Square One") respectfully submits this memorandum of law in opposition to the plaintiff United Central Bank's ("Plaintiff" or "United Central Bank") motion pursuant to Fed. R.Civ. P. 56 for summary judgment and in further opposition to the Plaintiff's motion to dismiss the answers and counterclaims of Square One.

## PRELIMINARY STATEMENT

The gravamen of UCB's argument is that 12 U.S.C. §1823(e) and the D'Oench Duhme Doctrine preclude the Defendants from asserting any defenses or counterclaims based on any secret deals or side deals which may mislead bank examiners. Here UCB claims that Team Gowanus, LLC ("Team Gowanus") and Mutual Bank, UCB's predecessor in interest ("Mutual Bank"), never executed an extension or modification of Team Gowanus' May 2008 loan agreement. Further, that the May 2008 loan agreement was the only agreement ever approved by Mutual Bank's (or UCB's) board of directors. Therefore, the only documents that meet D'Oench Duhme's exacting requirements are Team Gowanus' May 2008 note and mortgage and that loan is in default.

Consequently UCB argues, Team Gowanus may not assert any defenses based upon the terms sheets, amendments to the loan, or other documents demonstrating that the May 2008 loan was renegotiated, because they do not satisfy all of the stringent requirements of 12 U.S.C. §1823 and common law D'Oench Duhme. UCB also argues, that Square One the junior mortgagee, was not a signatory to any of the Team Gowanus-Mutual Bank modification agreements, consequently it is precluded from asserting any defenses or counterclaims to UCB's summary judgment motion which are based on these prohibited documents.

Square One asserts two counter arguments to UCB's single minded application of D'Oench Duhme to these facts. First, Square One adopts and incorporates all of the legal

arguments contained in the memorandum of law submitted by co-defendants Team Gowanus LLC, ("Team Gowanus"), Peter Moore ("Moore"), John Sutter ("Sutter"), and Peter Kovac ("Kovac") (collectively the "Team Gowanus Defendants") in opposition to UCB's motion. Briefly stated, their arguments are that in accordance with decisions in the Third, Eighth, Ninth and DC Circuits, the D'Oench Duhme common law doctrine is no longer applicable because it has been supplanted by 12 U.S.C. §1823(e). Consequently, UCB's motion for summary judgment to the extent it is based on the D'Oench Duhme Doctrine should be denied.

Moreover, Team Gowanus argues that 12 U.S.C. 1823(e) is inapplicable in this particular case, because it may only be invoked if the documents deemed invalid tend to diminish or defeat the interest of the bank. Here, the allegedly prohibited agreements are essentially the term sheets and amended loan documents that manifest Mutual Bank's assent to modify the Team Gowanus/Mutual Bank loan on the condition that the Team Gowanus/Square One loan was modified first. These documents do not diminish Mutual Bank or UCB's interest in the Team Gowanus mortgage. Consequently, the term sheets and other documents are not prohibited by 12 U.S.C. §1823(e). As a result, UCB is not entitled to summary judgment.

In addition, Square One will briefly demonstrate on other grounds herein that it is entitled to utilize the allegedly prohibited documents, not to enforce their terms, but as evidence of the bad acts of that Mutual Bank and UCB undertook with respect to inducing Square One to change its position, forebear from foreclosing and then after obtaining Square One's agreement not to foreclose, rescinding its own forbearance and foreclosing on its note. Since the prohibited documents are to be utilized not to enforce their terms but exclusively as evidence, Plaintiff's arguments concerning 12 U.S.C. § 1823(e) and D'Oench Duhme are inapplicable to Square One.

As a result, the Plaintiff's motion for summary judgment based exclusively on D'Oench Duhme should be denied in its entirety.

## STATEMENT OF FACTS

The facts and circumstances in this matter are set forth in the Affidavit of Salvatore Stratis, dated June 5, 2012 annexed hereto; Square One's counterstatement of material facts; and Square One's Response to the Plaintiff's Statement of Material Facts. The Court is respectfully requested to refer to these documents for a full rendition of the facts and circumstances herein.

## LEGAL ARGUMENT

## POINT I

**THE PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF FACT WHICH NEED TO BE LITIGATED.**

This Court should dismiss the Plaintiff's motion for summary judgment primarily because discovery is not yet complete, not a single deposition has been taken of any party, and multiple issues remain unresolved. For example, the Plaintiff alleges that D'Oench Duhme applies because no one can locate any documentary evidence that the loan was approved by Mutual Bank's board of directors. However, no one has ever deposed any of the members of the board to ascertain what evidence may exist when the bank approves its loans or how and when the approvals were recorded. Although UCB may allege there is no documentary evidence of board approval, depriving the defendants of an opportunity to inquire of someone with knowledge of the facts is unduly prejudicial.

Another example is that UCB alleges there was never board approval of the Term Sheet. However, there must have been some kind of approval of at least one of the terms of the Term Sheet, because UCB acknowledges that the bank is bound by the purported reduction of Sutter's

guaranty. Yet, UCB offers no explanation as to how that one part of the Term Sheet became a binding obligation of Mutual Bank and whether board approval of the reduction in Sutter's guaranty was required. Moreover, UCB has offered unsigned minutes of the loan committee approval of the reduction in Sutter's guaranty. A deposition of a person with knowledge of the facts would help to clarify these and other issues. These issues go to the heart of this case. No defendant should be deprived of his right to obtain an explanation of such elementary questions of fact.

The party moving for summary judgment bears the burden of production to establish the requisite standard under Fed. R.Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). Namely, in order to meet its burden the movant must demonstrate, in detail, that there is no genuine issue of material facts and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) *Matsushita Elec. Indus. Co, v. Zenith Radio Corp.*, 475 U.S. 574, 585-88 (1986); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114-15 (2d Cir. 1988). The moving party does not satisfy its burden with mere assertions or unsupported allegations. *See Mountain Park, Ltd. v. Oliver*, 863 F.2d 1466, 1474-75 (9th Cir. 1983).

If the moving party is also the plaintiff and/or bears the burden of persuasion with regard to a claim, its initial summary judgment burden is *even higher* in that it must establish that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it. *See Edison v. Reliable Life Ins. Co.*, 664 F.2d 1130, 1131 (9th Cir. 1981). In such cases, the movant must still satisfy its burden by showing that it is entitled to judgment as a matter of law, even in the absence of an adequate

response by the non-movant. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that the summary judgment movant must satisfy its initial burden even if non-movant has no response or inadequate response to the motion). Consequently, a party which has both the burden of production and the ultimate burden of persuasion must meet a "more stringent" standard of proof. *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992).

In determining whether the moving party has established its burden of production, the court must view all reasonable inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 *Wright v. Coughlin*, 132 F.3d 133, 138 (2d Cir. 1998) (holding that the district court failed to view facts in light most favorable to nonmoving plaintiff); *LaFond v. General Physics Corp.*, 50 F. 3d 165, 171 (2d Cir. 1995); *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). The Court should inquire as to whether there are any genuine issues of fact present which must be decided by "a finder of fact because they can reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Dister v. Continental Group, Inc.* 859 Ff.2d 1108, 1114-15 (2d Cir. 1988). Finally, a nonmoving party's own affirmation or deposition can constitute affirmative evidence to defeat a summary judgment motion, even where it consists of mere denials. *See Scerer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir. 1992).

In the case at hand, it is premature to grant the Plaintiff's motion for summary judgment while there are outstanding issues of material fact that are central to the defendants' defenses. The questions concern Mutual Bank's board of directors' records must be answered by a former member of the board or a former employee of Mutual Bank with knowledge of the facts. For these reasons summary judgment must be denied.

# POINT II

## NEITHER THE D'OENCH DUHME DOCTRINE NOR 12 U.S.C. §1823(e) ARE APPLICABLE TO SQUARE ONE'S EQUITABLE SUBORDINATION COUUNTERCLAIM

**A.     Common Law D'Oench Duhme**

The D'Oench Duhme doctrine, as articulated by the Supreme Court in *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447 (1942) prohibited borrowers from asserting affirmative claims or defenses against the FDIC which are based upon agreements with a failed banking institution that are not reflected in the official books and records of the bank.  See *Langley v. FDIC*, 484 U.S. 86, 91-93 (1987).  The underlying principle behind the D'Oench Duhme doctrine was that if a party entered into an unwritten agreement with a bank, that bank examiner would be unable to ascertain the true value of the institution.

The D'Oench Duhme doctrine is not applicable to Square One's counterclaim because Square One is not attempting to enforce any agreement secret or otherwise that it had with Mutual Bank, or its successor UCB.  Rather, Square One is utilizing the Term Sheet, the Amendment to the Loan Documents and other prohibited documents as evidence of Mutual Bank and UCB's bad acts.  Square One was induced by Mutual Bank into extending the term of its loan, reducing the rate of interest of its note and amending the guaranty of a guarantor all at Mutual Bank's request.  Thereafter, Mutual Bank rescinded its agreement to renegotiate its loan with Team Gowanus and foreclosed on its mortgage.  Square One was injured by having been induced to renegotiating its loan to less favorable terms by Mutual Bank and UCB.

The question before this Court is whether Square One can use the Term Sheet and the other documents to demonstrate the Plaintiff's bad acts and thereafter equitable subrogate UCB's first mortgage.

In *In Re 604 Columbus Avenue*, 968 F.2d 1332, (1st Cir 1992) the court held that the FDIC could be held liable to claims for equitable subordination which rises out of the allegedly fraudulent acts of a bank by its officers or directors. While the *Columbus* case was an appeal from a bankruptcy court, the legal analysis is still applicable to non–bankruptcy cases.

In *Lawlor v. FDIC*, 848 F.Supp 1069 (1994) the District Court relying on *Columbus* held that the FDIC could be subordinated to a mechanic's lien holder pursuant to Massachusetts' equitable subrogation doctrine and denied the FDIC's motion for summary judgment.

Here, Mutual Bank's acts in inducing Square One to change its position to its detriment based on the promise that Mutual Bank would renegotiate its loan on the same terms, permits this Court to subrogate UCB's lien to the extent of Square One's injury.

In addition to the arguments raised above, Square One adopts those arguments raised in co-defendant Team Gowanus' brief with respect to the inapplicability of the D'Oench Duhme Doctrine. In light of the Supreme Court decision in *Melveny & Meyers v. F.D.I.C.*, 512 U.S.79, 114. S.Ct. 2048 and *Atherton v. F.D.I.C.*, 519 U.S. 213, 117 S.Ct. 666, that D'Oench Duhme is not applicable federal common law as it has been supplemented by 19 U.S.C. §1823 and the Courts in this circuit should not presume to be bound by it.

**B.** <u>**Section 12 U.S.C. §1823(e)**</u>

In addition to the protections the Plaintiff raised under D'Oench Duhme Doctrine, the Plaintiff raised the statutory counterpart to *D'Oench Duhme*, 12 U.S.C. §1823(e) which provides that:

> "(e) Agreements against interests of Corporation
>
> (1) In general
>
> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as

> security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement - -
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution."

This section, like the D'Oench Duhme Doctrine does not apply to the case at hand. Square One is not attempting to enforce the Term Sheet or the loan documents. Even if it was attempting to do so the Term Sheet and loan documents do not diminish or defeat the right, title or interest of the corporation in any asset. In *Resolution Trust Corporation v. Ocotillo West Joint Venture* 840 F.Supp. 1463 (1993), the Court held where creditor was using an agreement for evidentiary purpose rather than enforcement, use of agreement is not barred by the D'Oench Duhme Doctrine.

    Here, Square One is attempting to utilize the Term Sheet and loan documents as evidence of Mutual Bank's acts. Mutual Bank agreed to renegotiate its loan with Team Gowanus based on the Term Sheet. Square One diminished its asset by reducing its interest rate of its note and extending the term of its loan. Thereafter, Mutual Bank allegedly obtained approval from its loan committee to reduce Sutter's guaranty. However, UCB now alleges that it did not get approval to finalize the balance of its obligations under the Term Sheet.

    This Court like the *Ocotillo* Court should allow Square One to use the Term Sheet and other loan documents and deny the Plaintiff's motion for summary judgment.

In addition to the arguments raised herein, Square One adopts those arguments raised in Team Gowanus' brief with respect to 12 U.S.C. §1823(e), including, but not limited to, the arguments that 12 U.S.C. §1823(e) does not apply in the instant matter because UCB's interest (its mortgage) would not be diminished if the Note had been renegotiated, thereby taking it out of the ambit of 12 U.S.C. §1823(e).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be denied in its entirety, and this Court should grant Square One such further and other relief as it deems just and proper

Dated: New York, New York
       June 8, 2012

                    Robinson Brog Leinwand Greene
                    Genovese & Gluck P.C.

By: _/s/ Roger A. Raimond_____
    **Roger A. Raimond, Esq.**
Attorney for Defendant
Square One Holding Corp.
875 Third Avenue, 9th Fl.
New York, New York 10022-0123
(212) 603-6300
rar@robinsonbrog.com

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 2
STATEMENT OF FACTS ......................................................................................................... 4
LEGAL ARGUMENT ................................................................................................................ 4
   POINT I ................................................................................................................................... 4
      THE PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF FACT WHICH NEED TO BE LITIGATED. ..................................................................................................................... 4
   POINT II .................................................................................................................................. 7
      NEITHER THE D'OENCH DUHME DOCTRINE NOR 12 U.S.C. §1823(e) ARE APPLICABLE TO SQUARE ONE'S EQUITABLE SUBORDINATION COUUNTERCLAIM ................................................................................................................ 7
         A.    Common Law D'Oench Duhme ................................................................................ 7
         B.    Section 12 U.S.C. §1823(e) ....................................................................................... 8
CONCLUSION ........................................................................................................................ 10

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*,
   922 F.2d 168 (3d Cir. 1990)..................................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).........................................................................................................5, 6

*Atherton v. F.D.I.C.*,
   519 U.S. 213, 117 S.Ct. 666 ................................................................................................8

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).............................................................................................................5

*D'Oench Duhme & Co. v. FDIC*,
   315 U.S. 447 (1942).........................................................................................................7, 8

*Dister v. Continental Group, Inc.*,
   859 F.2d 1108 (2d Cir. 1988)............................................................................................5,6

*Edison v. Reliable Life Ins. Co.*,
   664 F.2d 1130 (9th Cir. 1981) ...............................................................................................5

*FDIC v. Giammettei*,
   34 F.3d 51 (2d Cir. 1994)................................................................................................5, 6

*In Re 604 Columbus Avenue*,
   968 F.2d 1332 (1st Cir 1992)................................................................................................8

*LaFond v. General Physics Corp.*,
   50 F. 3d 165 (2d Cir. 1995)..................................................................................................6

*Langley v. FDIC*,
   484 U.S. 86 (1987)...............................................................................................................7

*Lawlor v. FDIC*,
   848 F.Supp 1069 (1994) ......................................................................................................8

*Matsushita Elec. Indus. Co, v. Zenith Radio Corp.*,
   475 U.S. 574 (1986).........................................................................................................5, 6

*Melveny & Meyers v. F.D.I.C.*,
   512 U.S.79 ...........................................................................................................................8

*Mountain Park, Ltd. v. Oliver*,
   863 F.2d 1466 (9th Cir. 1983) ...............................................................................................5

*National State Bank v. Federal Reserve Bank*,
    979 F.2d 1579 (3d Cir. 1992)..................................................................................................6

*Resolution Trust Corporation v. Ocotillo West Joint Venture*
    840 F.Supp. 1463 (1993) .......................................................................................................9

*Scerer v. Rockwell Int'l Corp.*,
    975 F.2d 356 (7th Cir. 1992) .................................................................................................6

**STATUTES**

12 U.S.C. §1823(e) ........................................................................................................... passim

**OTHER AUTHORITIES**

Fed. R.Civ. P. 56......................................................................................................................2

Fed. R.Civ. P. 56(c) .................................................................................................................5