EXHIBIT "A"

| | |
|---|---|
| **From:** | David Clark |
| **To:** | Robert T. Hoholik |
| **Sent:** | 3/4/2009 10:50:17 AM |
| **Subject:** | FW: Urgent: Team Gowanus subordinate lender default cure letter |
| **Attachments:** | Team Gowanus default cure letter.doc |

-----Original Message-----
**From:** Jwsutter@aol.com [mailto:Jwsutter@aol.com]
**Sent:** Wednesday, March 04, 2009 10:10 AM
**To:** Arun Veluchamy; David Clark
**Cc:** HWeinreich@mzrl.com; db@petermooreprojects.com; pm@petermooreprojects
**Subject:** Urgent: Team Gowanus subordinate lender default cure letter

Arun and David,
Following is a letter for your review, pasted immediately below and attached, along with other email correspondance to you, proposing a cure to the default threat posed by Square One, the secondary lender in the amount of $2.25 million, on the Team Gowanus project.
This arrangement proposed will cure the default with Square One and enable us to continue to work to restructure the Team Gowanus loan with you to keep the loan performing and realize the potential of this user project.
Square One poses an immediate default threat as neither their loan nor its balloon interest has been paid, and the loan was due on December 15, 2008. I have been in touch with them yesterday and they are impatiently awaiting payment, at which stage they will restructure their loan to a five year note.
They pose a serious default danger to the whole project, and must be handled quickly and carefully. The arrangement that I have proposed pays them their approximately $160,000 accumulated interest from my personal funds and gets them on a five year schedule. Mutual will still have personal guarantees on over $100,000 of the property.
Please contact me at 212 229 1890 x 2478 so that we may discuss any questions that you may have, and discuss how to resolve the default threat of Square One. I will forward to you at your request all agreements with Square One that formalize the arrangment that we would reach with them.
Time is of the essense on this matter and I cannot hold them off forever, so a prompt response on your part is appreciated.
Thank you,
John Sutter

John W. Sutter
Team Gowanus, LLC
145 Sixth Avenue, First Floor
New York, NY 10013
Tel: 212 229 1890 x 2478; Fax: 212 219 3119
Email: Jwsutter@aol.com

March 4, 2009


Mutual Bank
16540 South Halsted Street
Harvey, Illinois 60426


Dear Mr. Sir:

      This is to advise you that I have provided Team Gowanus LLC ("Team Gowanus") with sufficient funds to cure any current default under its loan agreements with Square One Holding Corp. ("Square One") and to extend the Square One loans for five years at a reduced interest rate.

      The principal purpose of the foregoing transaction was to provide the time and ability to enable Team Gowanus, LLC, to pursue our discussions with you looking toward a five year restructuring of the loan agreements with our two mortgage lenders. In consideration, therefore, you have agreed to amend my guaranty of May 1, 2008

UCB 000626

of the obligations of Team Gowanus to Mutual Bank (the "Guaranty") by reducing my maximum liability thereunder to 7.74% of the aggregate amount guaranteed, which represents the release prices for Units #Mew 5 and 3:1. To accomplish this understanding you have agreed to amend the last sentence in the first paragraph of the Guaranty to read as follows: "Notwithstanding the foregoing, Guarantor's maximum liability under the Guaranty is limited to seven and 74/100 percent (7.74%) of the aggregate amount guaranteed." Please confirm your agreement to the amendment of the Guaranty by signing a copy of this letter and returning it to me.

                Very truly yours,

                John Sutter

The foregoing amendment to the John Sutter Guaranty is approved and accepted:

Mutual Bank

By: _____

-----Original Message-----
From: Jwsutter@aol.com
To: dclark@mutualbanking.com
Sent: Fri, 27 Feb 2009 4:47 pm
Subject: Fwd: Gowanus project subordinate lender threat

David,
Let me add one more thought: reducing my personal guarantee for a cash infusion into the project still leaves Mutual with **personal guarantees on over 100% of the space**. It makes sense, incentifies me to put cash in to strengthen the deal, and gets rid of the default threat from Sq. One.
They are getting more and more aggressive in trying to collect the back interest. They are the wild card in our restructuring and must be handled quickly and carefully.
Thanks,
John Sutter

John W. Sutter
Publisher
The Villager, Downtown Express, Gay City News, Chelsea Now, NYCPlus, ThriveNYC
145 Sixth Avenue, First Floor
New York, NY 10013
Tel: 212 229 1890 x 2478; Fax: 212 219 3119
Jwsutter@aol.com www.thevillager.com, www.downtownexpress.com, www.gaycitynews.com, www.chelseanow.com, www.nycplus.com, www.thrivenyc.com

Get a jump start on your taxes. Find a tax professional in your neighborhood today.

Attached Message
From:  jwsutter@aol.com
To:    dclark@mutualbanking.com
Cc:    jwsutter@aol.com

UCB 000627

Subject: Gowanus project subordinate lender threat
Date: Thu, 26 Feb 2009 21:46:21 -0500

David,

It was a pleasure to meet with you and your colleagues from Mutual today. These are brutal times for commercial real estate projects and bankers and we appreciate your willingness to work together with us to try to find a path that will keep this project moving forward to realize its inherent value as art studios for users. We have a committed group of user/ investors that are prepared to self fund the construction and soft costs of this project once longer term -- 5 year -- funding is obtained. We also believe that we can find new art investors trying to flee Manhattan prices once we have a secure funding path.

There is a cloud on the horizon that could default the whole project, however, and that is the subordinate lender, Square One. Their loan of $2.25 million, with an unpaid interest balloon of approximately $160,000 and counting, was due in December 2008, and while we have not received a default letter, they are threatening with increasing intensity to default the project and try to collect under the personal guarantees. According to the loan documents, their default would trigger a cross default of the Mutual loan, which brings down the whole house of cards. If the whole house of cards comes down, Mutual is left with a building in Brooklyn this is unrentable (we gutted it and it will take $1.5 million to get it up to rentable code) and probably unsellable in this market vortex.

Square One's defaulting the project is not a pleasant scenario and is an immediate threat to the discussions and possible restructuring that we discussed today.

There are several ways to try to address this, and you may have suggestions. One way would be for Mutual to pay off the subordinate lender, or at least the balloon interest and cover the interest on a go forward basis and charge the project. Square One has said that they will do a five year loan. This is one way to neutralize the default threat from Square One.

Another would be for me to cover the balloon interest payment - I will write a check for the balloon payment and they have agreed to go for five years, interest only paid every month. For me to consider doing this, I would need for Mutual to eliminate or restructure my personal guarantee along the lines that we discussed today - personal guarantee on just that part of the building that are my user units, specifically Mew #5 (4404 gross SF of project; and loft unit 3:1, 2516 gross of project), for a total of 6,694 SF of an 86,483 SF project. The Mutual loan per square foot is $9,000,000 / 86,483 SF = $104.07 per SF.

As it is written, my personal guarantee is 28% because my name was put down next to the names of unsold units at closing. This is preposterous and will prevent me from developing anything as it is so out of my reach and resources. No matter what I do, I will fail.

I have invested $800,000 in the project to date, and I am prepared to pay my pro-rata share of self funding to get the above two units developed (perhaps another $500,000). I will also pay off the subordinate lender their balloon interest and get them signed up for the next five years.
I will do this if my guarantee is restructured at the average rate for the Mutual loan, which is 6694 SF x $104.07 per SF = $696,644, which is 7.74% of the Mutual loan.

I am willing to do this.

Your thoughts on this are critical as there is HUGE default threat posed by Square One that must be addressed quickly if we want to avoid a defaulted and defunct project.

This could be a very quick turnaround. I will put into escrow the balloon payment, and once made to Square One, I will receive a restructured personal guarantee.

You of course may have another solution on how to handle this. Please let me know as soon possible as tine is of the essence on the Sq. One threat.

Once again, thanks for your willingness to think this one through creatively and kindly confirm receipt.

John W. Sutter

Need a job? Find employment help in your area.

UCB 000628

**John W. Sutter**
Team Gowanus, LLC
145 Sixth Avenue, First Floor
New York, NY   10013
Tel:  212 229 -1890 x 2478
Fax: 212 219 3119
E-mail: Jwsutter@aol.com

CONFIDENTIAL

March 4, 2009

Mutual Bank
16540 South Halsted Street
Harvey, Illinois 60426

Dear Mr. Sir:

    This is to advise you that I have provided Team Gowanus LLC ("Team Gowanus") with sufficient funds to cure any current default under its loan agreements with Square One Holding Corp. ("Square One") and to extend the Square One loans for five years at a reduced interest rate.

    The principal purpose of the foregoing transaction was to provide the time and ability to enable Team Gowanus, LLC, to pursue our discussions with you looking toward a five year restructuring of the loan agreements with our two mortgage lenders.  In consideration, therefore, you have agreed to amend my guaranty of May 1, 2008 of the obligations of Team Gowanus to Mutual Bank (the "Guaranty") by reducing my maximum liability thereunder to 7.74% of the aggregate amount guaranteed, which represents the release prices for Units #Mew 5 and 3:1.  To accomplish this understanding you have agreed to amend the last sentence in the first paragraph of the Guaranty to read as follows: "Notwithstanding the foregoing, Guarantor's maximum liability under the Guaranty is limited to eight percent (7.74%) of the aggregate amount guaranteed."  Please confirm your agreement to the amendment of the Guaranty by signing a copy of this letter and returning it to me.

                                                   Very truly yours,

                                                   John Sutter

The foregoing amendment to the John Sutter Guaranty is approved and accepted:

Mutual Bank

By: _____

FDIC 264