EXHIBIT "B"

## AGREEMENT

AGREEMENT by and between **TEAM GOWANUS LLC**, a New York limited liability company with its principal place of business at 515 Canal Street, New York, New York ("TGL") and **SQUARE ONE HOLDING CORP.**, a New York corporation having its principal place of business at 97-35 133rd Avenue, Ozone Park, New York ("Square One") dated as of May 1, 2009.

WHEREAS, Square One is the holder of a promissory note made by TGL on May 1, 2008 in the principal amount of $2,250,000 (the "Note") secured by a second mortgage (the "Second Mortgage") on property located at 68-92 Third Street, Brooklyn, New York 11231 (the "Property"); and

WHEREAS, John Sutter ("Sutter") is a member of TGL; and

WHEREAS, Sutter by guaranty dated May 1, 2008 has guaranteed to Square One payment of all indebtedness arising under the Note which guaranty provides that Sutter's maximum liability under the guaranty is limited to 28.18% of the TGL indebtedness (the "Original Guaranty"); and

WHEREAS, the principal and interest of the Note were due and payable on December 15, 2008; and

WHEREAS, the principal and interest on the Note have not been paid and TGL is now in default of the Note; and

WHEREAS, TGL and Mutual Bank ("Mutual") the holder of the first mortgage on the Property have entered into a term sheet attached hereto as Exhibit A setting forth the parties intention to restructure the first mortgage into seven mortgages with seven new entities (the "New Entities") as provided therein (the "Mutual Term Sheet"); and

WHEREAS, the restructuring contemplated by the Mutual Term Sheet is expressly conditioned on the restructuring of the second mortgage held by Square One in a manner substantially consistent with the changes contemplated in the Mutual Term Sheet; and

WHEREAS, Square One has agreed to restructure its outstanding loan to TGL along the lines outlined in the Mutual Term Sheet with the view to effecting a comprehensive restructuring of the First and Second Mortgages(the "Restructuring Plan"); and

WHEREAS, to induce Square One to work with TGL in restructuring the Second Mortgage and Note to meet the express conditions of Mutual in the Mutual Term Sheet, TGL has indicated a desire to cure the current default in the Note and pending the full implementation of the Restructuring Plan extending and modifying the Note and Second Mortgage; and

WHEREAS, Sutter has provided TGL with the funds to pay to Square One all accrued and unpaid interest on the Note through April 30, 2009.

NOW THEREFORE, the parties agree as follows:

1.  Square One and TGL agree that the Note is amended and restated in its entirety in the form annexed hereto as Exhibit B (the "Amended Note") and in connection therewith:

    (a)  TGL hereby acknowledges receipt of the Note which has been marked cancelled and superseded by the Amended Note;

    (b)  Square One hereby acknowledges receipt of the Amended Note; and

    (c)  Square One hereby acknowledges receipt of a certified or bank check in the amount of $178,584.25 (the "Interest Payment"), representing (i) interest of $152,476.03 for interest from May 1, 2008 to February 15, 2009 and (ii) $22,808.22, of interest from February 15, 2009 to April 30, 2009, which the parties agree is in full

01753
TG

payment of all interest due on the Amended Note from the date of the Amended Note through and including April 30, 2009 and that any default in the Note or the Second Mortgage for the period through April 30, 2009 is waived and of no further force and effect, and (iii) $3,300.00 representing the increase in the April 2008 insurance premium paid by Square One by reason of a delay in effecting a closing of the purchase of the Property.

2. In consideration of Sutter providing TGL with the funds necessary for TGL to make the Interest Payment, Square One agrees that the Original Guaranty is hereby amended and restated in its entirety in the form annexed hereto as Exhibit C (the "Amended Guaranty") and Square One hereby acknowledges receipt of an executed copy of the Amended Guaranty and further acknowledges that the Original Guaranty is of no further force and effect.

3. The Second Mortgage is deemed amended to reflect the terms contained herein including the extended term of the loan and the change in interest rate.

4. TGL will pay Square One's legal fees incurred in connection with the negotiations and finalization of this and other related agreements.

5. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

6. If and to the extent that any court of competent jurisdiction holds any provision (or any part thereof) of this Agreement to be invalid or unenforceable, such holding shall in no way affect the validity of the remainder of this Agreement.

7. Neither this Agreement nor any provision hereof may be changed, waived, discharged or terminated orally, but rather may only be changed by a statement in writing

3

01754
TG

signed by the party against which enforcement of the change, waiver, discharge or termination is sought.

8. This Agreement shall be governed by and construed in accordance with the internal substantive laws of the State of New York without reference to the choice of law rules thereof.

9. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, legal representatives and assigns.

10. This Agreement and the Amended Note and Second Mortgage (collectively, the "Interim Agreements") are entered into by the parties with their expressed intention to restructure the Amended Note and Second Mortgage in accordance with the Restructuring Plan as contemplated therein with the exceptions set forth below and the parties hereto will undertake in good faith to jointly work with Mutual to integrate the Amended Note and Second Mortgage into the Restructuring Plan, and that upon the entry into substantive agreements pursuant to the Restructuring Plan, the Interim Agreements will be supplanted by such substantive agreements and shall terminate. Anything to the contrary in Square One's agreement in principle with the Restructuring Plan notwithstanding, (i) the interest on the Square One Loan shall not fall below a rate of 5% per annum and (ii) the transfer or assignment by any owner in a New Entity of an interest in the New Entity or in a condominium unit acquired therefor which is otherwise permitted under the loan documents shall not relieve the owner of his guaranty of the loan obligation relating to such interest or unit.

11. This Agreement is subject to the consent and approval of the Membership of TGL and to their approval to a change in the Company's Operating Agreement to provide for the reduction of Sutter's financing percentage as prescribed in the Amended Guaranty.

01755
TG

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the day and year first above written.

SQUARE ONE HOLDING CORP.

By: _____
Name: SALVATORE STRATIS
Title: PRESIDENT

TEAM GOWANUS, LLC

By: _____
Name: Peter Moore
Title: Manager

By: _____
Name: Peter Kovacs
Title: Manager

By: _____
Name: John Sutter
Title: Manager

01756
TG