Jeffrey C. Ruderman (JR-7812)
Cyruli Shanks Hart & Zizmor, LLP
Attorney for Defendants Team
Gowanus LLP, Peter Moore, Peter
Kovacs and John Sutter
420 Lexington Avenue Suite 2320
New York, NY 10170
(212) 661-6800
Fax (212) 661-5350
jruderman@cshzlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED CENTRAL BANK, successor by acquisition
to Mutual Bank,

                                    Plaintiff,

                                                                            Case No. 10-CV-3850(ERK)(VVP)
              -against-

                                                                            AFFIDAVIT OF PETER MOORE
IN                                                                          OPPOSITION TO MOTION FOR
                                                                            SUMMARY JUDGMENT

TEAM GOWANUS, LLC, SQUARE ONE
HOLDING CORP., PETER MOORE, PETER
KOVACS, JOHN SUTTER, BEN HANSEN
ARCHITECT LLC, ENVIRONMENTAL CONTROL
BOARD OF THE CITY OF NEW YORK, "JOHN DOE"
#1-10, "MARY DOE" #1-10 AND "JANE DOE",

                                    Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK)
NEW YORK COUNTY)

          PETER MOORE, being duly sworn, deposes and states:

          1.        I am one of the Managers of defendant Team Gowanus, LLC ("Team Gowanus")

and one of individual defendants, and as such, I am fully familiar with the facts and

circumstances of this matter.

2.      I submit this affidavit in opposition to plaintiff United Central Bank's ("UCB")

motion for summary judgment pursuant to FRCP 56.

3.      UCB is not entitled to summary judgment against as there material issues of fact

that require a trial of this action. Further, P has prematurely filed the instant motion, prior to any

depositions. Such depositions are necessary to determine certain unknown facts which may

support the defenses of Team Gowanus and the other Defendants.

4.      I am a real estate developer in New York.  Through the mid-2000's I had

completed some very lucrative projects and had accumulated substantial net worth.  However,

my net worth was not liquid, as it primarily consisted of my equity in my highly leveraged real

estate developments.

5.      I, along with Sutter were the lead developers in the project to purchase and

develop the property which is the subject of this action.  When we first started this project in late

2007 and early 2008 I had a net worth of approximately $40,000,000.00.  But, as I stated, these

were not liquid assets. I was the highest net worth member of Team Gowanus and I also

guaranteed the largest percentage, 50%.

6.      Team Gowanus was unable to obtain the construction  financing it needed in

2008 to proceed with the project. This was due to the recession, credit crunch and overall poor

economy.  This had a particularly negative effect on my net worth and by the spring of 2009 my

net worth was a fraction of what it had once been.

7.      Sutter was the manager at Team Gowanus dealing with Mutual bank.  I worked

more on the development side and bringing in investors and capital.  Sutter was working on a

restructuring of the loan with Mutual bank.  In connection therewith I do not recall having be

asked to provide any updated financial information.  If I had been, it would have revealed that I

was no longer able to satisfy the guaranty that I had signed to Mutual bank.  Further, the value of

the property had dropped significantly.

8.        The only way to save the property, the project and the loan to Mutual bank was

to restructure the loan and bring in new investors.  Once Mutual bank had committed to the

restructuring I went to work to locate investors. It was a difficult time, made all the more

difficult as the loan to Mutual bank had been in technical default beginning on May 1, 2009.

9.        The following are list of the potential investors that I can recall seeking to join

Team Gowanus.

10.       One of the investors I talked to was Sean Ludwick ("Ludwick"). Ludwick has

been a close friend of mine for at least five years. He has been an active investor and developer

in the New York region for over fifteen years. His most recent noteworthy development was the

hotel Americano next to the high line on West 27th Street in Manhattan. This project was

designed by a very well respected architect named Enrique Norten. This project received a

tremendous amount of positive public exposure. This same architect also designed for a 24 unit

condo project for Ludwick on Carroll street in Park Slope, which also received much critical

acclaim.

11.       During those final months in July 2009 through the end of September, Ludwick

and I met on a weekly basis at my office with my staff and my construction manager, Saif

Sumaida, the owner of a very successful and large construction company called Foundations

Group. We all generated multiple operating proformas and detailed construction budgets for

what we envisioned to be a one hundred room boutique hotel.  During this critical period,

Ludwick and I met with several equity groups, among them were GCP Capital, Hudson Realty,

and Madison Partners.

12.     The very positive feedback we got from these equity groups gave Ludwick enough comfort to verbally commit  $4,000,000.00 dollars of his own money into the project. Ludwick was so convinced that this project was going to move forward that he took multiple meetings with numerous hotel management companies and restaurant groups. Of course, Ludwick would not, and could not, proceed with his investment until he was assured that UCB had agreed to the restructuring. All we were waiting for was the signed agreement from UCB.

13.     Due to UCB's refusal to honor its obligations, we have been unable to service Ludwick as an investor. Although Ludwick was keenly disappointed in not being able to close on this hotel project, he has told me that he is 100% percent committed to moving forward with us on the hotel if we can resolve this situation.

14.     By reason of the foregoing, it is respectfully requested that this Court deny UCB's motion for summary judgment in its entirety, together with such other and further relief as this court deems just and proper.

JOHN W. SUTTER

Sworn to before me this 8th
day of June, 2012

Notary Public

JEFFREY C. RUDERMAN
NOTARY PUBLIC, STATE OF NY
NO. 01-5003389
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXP. FEBRUARY 27

4/1/15