# CYRULI SHANKS HART & ZIZMOR LLP
ATTORNEYS AT LAW

Jeffrey C. Ruderman
email: jruderman@cshzlaw.com
Admitted NY, NJ and CT

December 18, 2012

VIA ECF

Hon. Edward R. Korman, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

      Re: United Central Bank v. Team Gowanus, LLC et. al,
          Docket No. 10-cv-3850(ERK)(VVP)

Dear Honorable Sir:

    This firm represents defendants Team Gowanus, LLC, Peter Moore, Peter Kovacs and John Sutter ("Defendants") in the above referenced action and submit this letter brief in reply to the letter brief of plaintiff, United Central Bank ("UCB"), opposing Defendants' motion for reconsideration under Fed. R. Civ. P. 59 and Local Rule 6.3.

    Contrary to the opposition of UCB, Defendants have satisfied the exacting requirements necessary for relief under a motion for reconsideration.

    UCB correctly notes that this Court did refer to various communications by John Sutter in finding that the parties intended that any agreement to restructure the Loan be signed. However, there is no reference in the Order wherein the Court indicated that it was aware of and considered the contemporaneous writings of both John Sutter and UCB's representative, Robert Hoholik, stating that the purpose of having a signed document was to show investors, not to make the agreement effective. Defendants' position in raising this point is not to establish the dispositive nature of the writings of John Sutter and Robert Hoholik, but, that in a summary judgment context, wherein there are differing intentions being expressed, the intentions of the parties are not susceptible to summary dismissal. This argument was further supported by another point raised by Defendants in the instant motion, which was not addressed in the Order; the failure of the written version of the agreement to include a provision stating that it will not be binding unless executed. These facts, in connection with a motion for summary judgment, may lead to different conclusions as to the intentions of the parties and should have resulted in a denial of the motion.

    UCB also negates the impact of <u>AIH Acquisition Corp. LLC v. Alaska Industrial Hardware, Inc.</u>, 306 F.Supp.2d 455 (SDNY 2004) vacated and remanded <u>AIH Acquisition Corp. LLC v. Alaska Industrial Hardware, Inc</u> 105 Fed.Appx. 301, 2004 WL 1496864 (C.A.2

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

HACKENSACK, NJ

CYRULI SHANKS HART & ZIZMOR LLP

(N.Y.)(2004) as such impact is offered by Defendants in the moving memorandum. In AIH there was a written requirement that a definitive agreement need be signed. However UCB has chosen to describe such language in its opposition, the language evidenced the intention of the parties that any binding agreement be executed. Yet, the court therein found an enforceable agreement. Further, while the AIH court partially relied upon the "caprice" of one party in enforcing the agreement, UCB wrongfully alleges that Defendants offer nothing but unsupported accusations of bad faith in UCB's actions in refusing to sign the amendment. To the contrary, UCB offers no explanation for any of its actions in connection with the amendment of the Loan after it took over the Loan in August 2009. UCB has asserted that bank policies never would have allowed it to sign the amendment, yet numerous representatives of UCB, in numerous instances, over a few months, directed, encouraged and negotiated an agreement with Defendants which UCB, apparently, never had any intention or ability to sign. The factual evidence more than sufficiently supports such a conclusion of bad faith.

Despite the argument of UCB herein, which simply restates the decision of the Court applying Rose v Spa Realty Assoc., 42 N.Y.2d 338, 344, 397 N.Y.S.2d 922 (1977), Defendants specifically note in this motion that the subdivision was undeniably at odds with the mortgage as the subdivision would change the description of the land in the mortgage, which is the most essential element of the mortgage. Additionally, the subdivision could not have been a preliminary step for an agreement. There was a bilateral provision forming the basis for the agreement to amend. There was no "future agreement" in the temporal sense. It was already agreed upon. It was simply the drafting of it for recording which was not yet accomplished.

Lastly, while UCB refers to the Court's conclusion, that the reduction of John Sutter's guarantee would diminish the asset, as "sensible", bringing with it the restrictions of USCA 1823(e), Defendants argue that such approach is inadequate under these circumstances. The Second Circuit, in Duraflex Sales & Service Corp. v. W.H.E. Mechanical Contractors, 110 F.3rd 927 (1997), requires that the modification be considered in the full context of the transaction proposed. This Court did not address or note this case or do the analysis required therein. Such analysis will lead to the denial of summary judgment as the diminishment of the asset will be a factual question which cannot be established with the evidence before this Court.

For all of the foregoing reasons, Defendants' motion to reargue seeking reversal of the Memorandum and Order granting of summary judgment in favor of UCB should be granted together with such other and further relief as this Court deems just and proper.

I thank the Court for its consideration in this regard.

Respectfully yours,

Jeffrey C. Ruderman

cc: Kevin F. Kostyn, Esq. (Via ECF)
    Roger A. Raimond, Esq. (Via ECF)